# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIAN CRISHAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Defendant. | CASE NO. 08CV1271-LAB (JMA)<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION AND**<br><br>**ORDER RE: REDACTION OF CONFIDENTIAL INFORMATION** |

On July 15, 2008, Plaintiff filed a document styled "Application and Order for Issuance of a Federal Subpoena to Compel Production of Documents from Tribal Entities to Be Produced in San Diego County Superior Court" (the "Application"). Although the caption denominates Octavian Crishan as Defendant and the People of the State of California as Plaintiff, the Court will treat Crishan as the Plaintiff and will refer to him as such, because he is the party who filed the Application and he is seeking relief. He seeks subpoenas ordering the custodians of records of three Indian tribes in this district to appear and produce documents at his upcoming criminal trial in the San Diego County Superior Court at Vista.

The nature of this filing is unclear. As the caption notes, the Application initially contained a proposed order, which the Court directed the Clerk to redact before docketing. The Federal Rules of Civil Procedure do not, however, provide for proposed orders or any other documents requiring judicial signatures to be included in complaints. Fed. R. Civ. P.

1  8, 10, 11. Furthermore, from the time frame described in the Application, it is clear Plaintiff
2  requires the subpoenas quickly, because he seeks evidence for use in his state court trial
3  which he says is set to commence on August 12, 2008. There is no indication of any attempt
4  to serve either Defendant or the tribes.

5  The Court has serious doubts about its ability to grant relief. If the Court cannot grant
6  the requested relief, this action is moot. *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189
7  (9th Cir. 1986) (citing *United States v. Geophysical Corp.*, 732 F.2d 693, 698 (9th cir. 1984))
8  (further citations omitted). Because mootness would deprive this Court of jurisdiction to
9  proceed, the Court must address this issue *sua sponte*. *Id*. (citing *Canez v. Guerrero*, 707
10  F.2d 443, 446 (9th Cir. 1983)) (further citations omitted).

11  Plaintiff asserts, citing no authority, that California law requires him to seek a federal
12  subpoena for the information he seeks. The only authority Plaintiff cites to show why this
13  Court would have authority to issue such a subpoena is 28 U.S.C. § 1783, which deals with
14  issuance of a subpoena requiring appearance or production by a person in a foreign country.
15  The statute Plaintiff cites does not address subpoenas of persons or evidence in Indian
16  country; tribes are not foreign nations. *Cherokee Nation v. Georgia*, 5 Pet. 1, 17, 8 L.Ed. 25
17  (1831).

18  Neither the Federal Rules of Civil Procedure nor any other provision of law the Court
19  is aware of permit the Court to issue a subpoena requiring a non-party to appear and testify
20  at trial in another court. *See* Fed. R. Civ. P. 45(a)(2)(A). Moreover, the action in connection
21  with which the subpoena is sought is not proceeding in this Court; thus, it would appear the
22  subpoena cannot issue from this Court. *Sullivan v. Dickson*, 283 F.2d 725 (9th Cir. 1960)
23  (noting there is no mechanism under either Fed. R. Civ. P. 34 or 45 to obtain inspection of
24  documents or a subpoena *duces tecum* in the absence of a pending proceeding).

25  The Application seeks production of the three tribes' casinos' records pertaining to
26  these three non-parties. The Application includes the first and last names and dates of birth
27  for three non-parties, and what purport to be the Social Security numbers of two of these
28  non-parties. Fortunately, it appears one of these numbers is erroneous, because it has too

1  many digits. Nevertheless, it appears, the Application repeatedly gives personal information
2  for a non-party which could easily be put to malicious use.  Plaintiff made no effort to seek
3  a protective order or otherwise protect this information from public distribution.

4  Fed. R. Civ. P. 5.2(a) addresses the issue of privacy protection and requires, among
5  other things, the redaction of social security numbers and dates of birth.  Plaintiff is therefore
6  admonished to review this rule and obey it in future.

7  Under Rule 5.2(e), for good cause, the Court may require redaction of filed
8  documents and/or limit access.  Finding good cause, the Court directs the Clerk to redact
9  all dates of birth and Social Security numbers (or numbers purporting to be Social Security
10 numbers) from the Application.  Until redaction is complete, access is to be restricted as
11 described in Fed. R. Civ. P. 5.2(c).

12 Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for
13 reasons discussed above.  Plaintiff may show cause by filing, no later than **21 calendar**
14 **days from the date this order is issued**, a memorandum of points and authorities no
15 longer than five pages in length not counting any material appended or lodged with the
16 Court.  **Should Plaintiff fail to show cause as ordered, this action will be dismissed**
17 **without leave to amend, without further notice to him.**   If Plaintiff agrees this action
18 should be dismissed, he should file a notice of withdrawal pursuant to Fed. R. Civ. P.
19 41(a)(1)(A).

21 **IT IS SO ORDERED**.
22 DATED: July 21, 2008

23
24 *[signature]*
   **HONORABLE LARRY ALAN BURNS**
   United States District Judge